UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KENDALL PATRICE WILLIAMS** | **CIVIL ACTION** |
| **VERSUS** | **NO: 14-2870** |
| **CAROLYN W. COLVIN, COMMISSIONER OF SOCIAL SECURITY** | **SECTION: "I" (4)** |

## REPORT AND RECOMMENDATION

**I.     Introduction**

This is an action for judicial review of a final decision of the Commissioner of Social Security pursuant to Title 42 U.S.C. § 405(g). The Commissioner denied Kendall Patrice Williams ("Williams") claim for Disability Insurance Benefits under Title II of the Social Security Act, Title 42 U.S.C. § 1382(c). The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 19.02E(b), for the submission of Proposed Findings and Recommendations.

**II.    Factual Summary**

Williams is a fifty-year-old female who last worked as a janitor for a cleaning business, including cleaning a high school and also as a private, adult care sitter. (Tr. 28-30) She complains that her disability began on September 1, 2012, because of bleeding from the brain and memory loss. (Tr. 15)

On November 19, 2012, Williams submitted an application for disability benefits. (Tr. 107-114) On January 1, 2013, the Social Security Administration denied Williams's claim for Disability Insurance Benefits. (Tr. 12)

Upon denial of a request for reconsideration, Williams filed a request for a hearing by an Administrative Law Judge ("ALJ") which was granted. (Tr. 7-8)  On August 15, 2013, Administrative Law Judge Benita A. Lobo conducted a hearing in this matter. (Tr. 26-52) Thereafter, the ALJ issued a decision finding that Williams met the insured status requirements of the act through March 31, 2015. (Finding 1, Tr. 14) The ALJ further held that Williams had not engaged in substantial gainful activity since September 1, 2012. (Finding 2, Tr. 14)  The ALJ further held that Williams had severe impairments consisting of status post intracranial bleed, headaches with memory problems, dizziness, and hypertension. (Finding 3, Tr 14)

At Step 4, the ALJ found that Williams did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed level impairments. (Finding 4, Tr. 15)  At Step 5, the ALJ found that after considering the entire record, Williams had the residual functional capacity ("RFC") to perform light work as defined in 20 CFR 404.1567(b), except the climbing of ladders, ropes, scaffolds, and working at heights or around dangerous machinery or temperature extremes.  The ALJ noted that the work should be simple and of a routine nature. (Finding 5, Tr. 15)  The ALJ found that Williams was forty-six years old[1] at the time of the hearing, which is defined as a younger individual aged 18-49, on the alleged disability onset date, that she had limited education, able to communicate in English but was unable to perform her past relevant work (Finding 6, 7, and 8, Tr. 18)   The ALJ further found that transferability of job skills was not material to the determination of disability because using the Medical Vocational Rules supported a finding that Williams was not disabled whether she

---

[1]The Court notes that Williams's age was incorrectly calculated. Based on her testimony, she was born in September 1965, and the hearing was held on August 15, 2015, which means that Williams was forty-seven-years-old at the time of the hearing. (Tr. 28)  However, this error was harmless as forty-seven-years-old also is defined as a younger individual.

2

had transferable skills or not.  (Finding 9, Tr. 19)  Now, Williams seeks review of the denial of her request for disability benefits.

On appeal, Williams contends that the ALJ erred by failing to formulate an RFC that addresses her ability to work on a "regular and continuing basis." Specifically, Williams contends that the ALJ's RFC is insufficient as a matter of law because it does not account for the time off task caused by her recurrent headaches, which are well demonstrated in the record, and which the ALJ found to be a "severe impairment" within the meaning of the regulations.

In contrast, the Commissioner contends that Williams fails to cite to any objective evidence in the record supporting additional limitations, but instead cites her own subjective complaints that her headaches occur daily and subsided within 30 minutes.  The Commissioner contends that the ALJ limited her to simple and routine work, which directly addresses her severe impairment of headaches with memory problems. Having set forth the contentions of the parties, the Court will proceed with its review of the matter.

**III.   Standard of Review**

The role of this Court on judicial review under Title 42 U.S.C. § 405(g) is to determine whether there is substantial evidence in the record to support the determination of the fact finder. The Court may not re-weigh the evidence, try issues *de novo*, or substitute its judgment for that of the Secretary.  *Allen v. Schweitker*, 642 F.2d 799, 800 (5th Cir. 1981).  If supported by substantial evidence, the Secretary's findings are conclusive and must be affirmed.  *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *see also Wilkinson v. Schweiker*, 640 F.2d 743, 744 (5th Cir. 1981) (citations omitted).

Substantial evidence is more than a scintilla and less than a preponderance, and is considered relevant such that a reasonable mind might accept it as adequate to support a

conclusion. *See Richardson*, 402 U.S. at 401. It must do more than create a suspicion of the existence of the fact to be established, but no "substantial evidence" will be found only where there is a "conspicuous absence of credible choices" or "contrary medical evidence." *See Payne v. Weinberger*, 480 F.2d 1006, 1007 (5th Cir. 1973); *Hemphill v. Weinberger*, 483 F.2d 1137, 1138 (5th Cir. 1973).

The concept of disability is defined in the Social Security Act, as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted . . . for a continuous period of not less than twelve months." *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A). Section 423(d)(3) of the Act further defines "physical or mental impairment" as "an impairment that results from anatomical, physiological or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. § 423(d)(3).

In determining whether a claimant is capable of engaging in any substantial gainful activity, the Secretary applies a five-step sequential evaluation process. The rules governing the steps of this evaluation process are: (1) a claimant who is working and engaging in a substantial gainful activity will not be found to be disabled no matter what the medical findings are; (2) a claimant will not be found to be disabled unless he has a "severe impairment"; (3) a claimant whose impairment meets or is equivalent to an impairment listed in Appendix 1 of the regulations will be considered disabled without the need to consider vocational factors; (4) a claimant who is capable of performing work that he has done in the past must be found "not disabled"; and (5) if a claimant is unable to perform his previous work as a result of his impairment, then factors such as his age, education, past work experience, and residual functional capacity must be considered

to determine whether he can do other work. *See Villa v. Sullivan*, 895 F.2d 1019, 1022 (5th Cir. 1990).

The burden of proof is on the claimant for the first four steps, but shifts to the Secretary at step five. *Anderson v. Sullivan*, 887 F.2d 630, 632-33 (5th Cir. 1989).

**IV.     Whether the ALJ erred by failing to formulate an RFC addressing plaintiff's ability to work on a "regular and continuing basis"?**

Williams contends that the ALJ erred in her assessment of her RFC, which undermines her step 5 determination that there is other work Williams can do in spite of her impairments. Williams contends that the ALJ's RFC finding is insufficient as a matter of law because it does not account for the time off task caused by Williams' recurrent headaches, a severe impairment. Therefore, Williams contends that the ALJ's RFC thus failed to consider her ability to work on a "regular and continuing basis."

The Commissioner contends that the ALJ did not err in her RFC finding and that Williams fails to cite to any objective evidence in the record supporting additional limitations. The Commissioner contends that Williams only cites to her subjective complaints regarding her headaches that they occur daily and often require her to lay down.

SSR 96-8p provides that a residual functional capacity (RFC) "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." *Myers v. Apfel*, 238 F. 3d 617, 620 (5th Cir. 2001). "A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." *Id.* at *2. "The RFC assessment is a function-by-function assessment based upon all of the relevant evidence of an individual's ability to do work-related activities." *Id.* at *3. "However, without the

5

initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work . . . ." *Id.*

The Fifth Circuit rejected the contention that, under *Watson v. Barnhart*, 288 F.3d 212 (5th Cir. 2002), the ALJ must in every decision articulate a separate and explicit finding that a claimant can maintain a job on a sustained basis. *Frank v. Barnhart,* 326 F.3d 618, 619 (5th Cir. 2003); *Perez v. Barnhart,* 415 F. 3d 45, 465 (5th Cir. 2005). Usually, the issue of whether a claimant can maintain employment for a significant period of time will be subsumed in the analysis regarding the claimant's ability to obtain employment. *Frank,* 326 F.3d at 619. *Watson* requires a situation in which, by its nature, the claimant's physical ailment waxes and wanes in its manifestation of disabling symptoms. *Id.*

"Absent evidence that a claimants ability to maintain employment would be compromised despite his ability to perform employment as an initial matter, or an indication that the ALJ did not appreciate that an ability to perform work on a regular and continuing basis is inherent in the definition of RFC [residual functional capacity], a separate finding regarding an ability to maintain employment is not required." *Dunbar v. Barnhart*, 330 F. 3d 67, 672 (5th Cir. 2003).

In this case, the Court notes that that there is no evidence in the record indicating that Williams's ability to work as an initial matter would be compromised and prevent her from maintaining employment.  Nor is there any evidence that the ALJ did not appreciate that her ability to perform work on a regular and continuing basis was inherent in the RFC definition.  In the absence of such evidence the ALJ was not required to make a separate finding regarding her ability to maintain employment.

Further, the record illustrates that the ALJ considered the impact that headaches had on her ability to function.  In so doing, the ALJ pointed to the medical evidence which showed that

6

Williams had a history of headaches and hypertension.  The ALJ noted that Williams had an intracranial bleed that she alleges has worsened her headaches, that the medical evidence supported continuing treatment for her headaches and that Williams had specific medication to help relieve/control her condition. (Tr. 18)

The ALJ noted that Williams had not sought any frequent treatment for breakthrough headaches and her own treating source has indicated that medication helped this condition and that the condition is fairly controlled and did not require follow-up more than twice a year.  (Id.)  The ALJ further noted Williams own statement that her medication relieved the pain within 30 minutes. (Id.)  Finally, the ALJ held that given there was no significant documentation of the frequency of the headaches as alleged by Williams, the medical evidence suggested favorable results with medication. (Id.)

The ALJ therefore discounted Williams's assertion of disabling pain due to headaches based upon her testimony, the medical evidence, and the fact that medication relieved her headaches within 30 minutes. A medical condition that can reasonably be remedied by prescribed treatment is not disabling.  *See Taylor v. Bowen,* 782 F.2d 1294, 1298 (5th Cir. 1986). Further, while Williams contends that the ALJ failed to consider her "off task time", the hearing testimony of the vocational expert suggests otherwise.  The vocational expert in considering her "off time task" due to headaches and/or dizziness concluded that Williams could work in a sedentary job and identified specific jobs in the economy.  Further, there is no evidence in the record suggesting that her time off for normal breaks would exceed ten (10) percent. [2] The Court therefore finds that the ALJ's decision is based upon substantial evidence.

---

[2] The Court further notes that there is no evidence supporting the claimant's suggestion that on a daily basis, that she would be off task anywhere from 6.25 percent to 12.5 person of an eight hour work day. The determination was clearly made by extrapolating from the plaintiff's testimony regarding the frequency and length of her headaches

**V.      Recommendation**

It is **RECOMMENDED** that the ALJ's decision denying Kendall Patrice Williams's claim for Disability Insurance Benefits be **AFFIRMED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14)** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 17th day of February 2016

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

which is not born by the medical evidence of record. Further the Court notes that the ALJ discounted the claimant's testimony regarding both the frequency and duration of the headaches.

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.